IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JERRY LEE GRIST,<br>TOMMY BLAKE MCCARY,<br>MEAGON RASHEL BOX,<br>LESLIE GALE BELLETTINI,<br>SHAWNDA LA DAWN RUSSELL,<br>GLENN RODGER HYDE,<br>DEAN DEWAYNE HENSLEE,<br>ANGIE EULALIA NUNEZ,<br>DAVID GEORGE NUNEZ,<br>RAYMOND ERWIN WELCH<br>WILLA MARGARETTE WEAR,<br>CLIFFORD EUGENE BERRY,<br><br>　　　　Defendants. | Case No. 25-CR-211-JFH |

## OPINION AND ORDER

Before the Court are three motions filed by Defendants Glenn Hyde, Tommy McCary, and Jerry Grist. Dkt. Nos. 209, 213, 215. Essentially, each of these seek a pretrial determination on whether statements made by alleged co-conspirators are admissible against them. Defendants Clifford Berry, Russell, and Box all join in McCary's motion and request the same pretrial determination. Dkt. Nos. 216, 218, 219. The United States of America ("the Government") opposes these motions.

In a conspiracy case like this one, "[s]tatements by a party's coconspirator made 'during and in furtherance of the conspiracy' are excluded from the definition of hearsay and admissible against all coconspirators." *United States v. Stein*, 985 F.3d 1254, 1268-69 (10th Cir. 2021) (quoting Fed. R. Evid. 801(d)(2)(E)). However, before a statement may be admitted, the Court

must make preliminary findings by a preponderance of the evidence that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. *Id.*

Although the Tenth Circuit has "repeatedly indicated" its "strong preference" for a pretrial *James* hearing to make this determination, "it remains within the district court's discretion to either hold such a hearing or . . . provisionally admit the evidence subject to the eventual laying of a sufficient foundation." *United States v. Goodwin*, 433 F. App'x 636, 640 (10th Cir. 2011). Based on this discretion, district courts in the Tenth Circuit have routinely ordered proffers ahead of deciding of whether to hold a *James* hearing. *See United States v. Castillo*, 2021 WL 1671672 (E.D. Okla. Apr. 28, 2021); *United States v. De La Rosa-Calderon*, 2021 WL 124183 (D. Colo. Jan. 13, 2021); *United States v. Bernal Lopez*, 17-CR-122-SLP, Dkt. No. 184 at 4 (W.D. Okla. Aug. 22, 2017); *United States v. Stancle*, 2016 WL 2858861 (N.D. Okla. May 16, 2016). The submission of a proffer by the Government will facilitate the Court's ultimate decision on whether to conduct a hearing here as well.

IT IS THEREFORE ORDERED that no later than March 4, 2026, the Government shall file a proffer specifically identifying each and every coconspirator statement it intends to offer at trial as evidence against the Defendants pursuant to Rule 801(d)(2)(E) and stating how each proffered statement satisfies the requirements of the Rule. With respect to each alleged coconspirator statement, the Government must indicate:

(a) the identity of the coconspirator who made the alleged statement;

(b) the identity of the person or persons to whom the coconspirator statement was made;

      (c) the content of the coconspirator statement;

      (d) when the statement was made;

      (e) how the statement is in the course of the alleged conspiracy; and

      (f) how the statement is in furtherance of the alleged conspiracy.

Additionally, the Government must identify the independent evidence it intends to offer in support of admission of the alleged coconspirator statements.

Finally, any Defendant may file a response to the Government's proffer no later than March 11, 2026. The Government may then file a reply no later than March 18, 2026. At that point, the Court will be in a better position to determine whether any pretrial action, including a *James* hearing, is necessary.

Dated this 25th day of February, 2026

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE