IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**JERRY LEE GRIST,**<br>**TOMMY BLAKE MCCARY,**<br>**GLENN RODGER HYDE,**<br>**DEAN DEWAYNE HENSLEE,**<br>**RAYMOND ERWIN WELCH, and**<br>**CLIFFORD EUGENE BERRY,**<br><br>      **Defendants.** | **Case No. 25-CR-211-JFH** |

## OPINION AND ORDER

Before the Court are four motions filed by Defendants Glenn Hyde, Tommy McCary, Jerry Grist, and Clifford Berry. Dkt. Nos. 209, 213, 215, 216. In these Motions, Defendants ask the Court to hold a *James* hearing to determine whether statements made by their alleged coconspirators are admissible against them. The United States of America ("the Government") opposes their request for a *James* hearing. For the following reasons, their Motions are DENIED.

## BACKGROUND

On October 15, 2025, a federal grand jury indicted thirteen codefendants with drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C). Dkt. No. 2. Several other defendants were also charged with additional drug related charges. Ultimately, the Court declared this case complex approximately on November 10, 2025. Dkt. No. 201. Since then, several of those Defendants pled guilty, and several others have not been arraigned. In total, six Defendants—Grist, McCary, Hyde, Henslee, Welch, and Berry—have their joint trials set for June 1, 2026. Dkt. No. 296.

In late February 2026, most of the above-captioned Defendants requested a *James* hearing to determine whether statements made by their alleged coconspirators were admissible against them.  Upon review of their Motions, the Court ordered the Government to file a proffer specifically identifying each coconspirator statement it intended to offer at trial as evidence against each Defendant pursuant to Federal Rule of Evidence 801(d)(2)(E).  Dkt. No. 223.  The Government filed its proffer on March 4, 2026.  Dkt. No. 251.  After reviewing that proffer, the Court ordered the Government to supplement its original proffer to specifically provide or identify:

- the full text of each statement the Government sought to admit,

- the identity of the coconspirator who made each alleged statement;

- the identity of the person or persons to whom each coconspirator statement was made;

- when each statement was made;

- how each statement was made in furtherance of the alleged conspiracy;

- which defendant(s) the statement was sought to be offered against; and

- the independent evidence it intended to offer in support of admission of the alleged coconspirator statements.

*Id.* at 2-3.  The Government filed its supplement addressing those points on April 20, 2026.  Dkt. No. 326.  So, the Court can now decide whether to hold a *James* hearing.

## AUTHORITY AND ANALYSIS

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is "not hearsay" if it "is offered against an opposing party" and it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).  But before admitting such statements into evidence, the Court must determine by a preponderance of the evidence that "(1) a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the

statements were made in the course of and in furtherance of the conspiracy." *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir. 2017)

Although the Tenth Circuit has "repeatedly indicated" its "strong preference" for a pretrial *James* hearing to make this determination, "it remains within the district court's discretion to either hold such a hearing or . . . provisionally admit the evidence subject to the eventual laying of a sufficient foundation." *United States v. Goodwin*, 433 F. App'x 636, 640 (10th Cir. 2011); *see also United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (stating that a court can "only admit coconspirator statements if it holds a *James* hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence") (quotations and citations omitted).

In its seventy-six page supplement, the Government lists twenty-six conversations between April 15, 2025, and May 14, 2025, that it seeks to admit against the various codefendants. For each conversation, the Government identifies the persons involved in the conversation, quotes the specific statements it seeks to admit, identifies who the statements will be admitted against, articulates the independent evidence used to support admission of those statements, and argues why each statement was made during and in furtherance of the alleged conspiracy. Based on the number of alleged coconspirators and the volume of evidence concerning these statements, a *James* hearing would likely take almost as long as a jury trial. Accordingly, the Court will not hold a *James* hearing.

Instead, the Court will require the Government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each Defendants' membership in the conspiracy before seeking to admit the statements. *See United States v. Tate*, No. 17-CR-099, 2018 WL 1229755 (N.D. Okla. Mar. 9, 2018); *United States v. Parks*, No. 18-CR-251, 2019 WL

5212895, at *2 (N.D. Okla. Oct. 16, 2019).  The Government should be prepared to do so outside the presence of the jury.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Hyde, McCary, Grist, and Berry's Motions for *James* Hearing [Dkt. Nos. 209, 213, 215, 216] are DENIED.

IT IS FURTHER ORDERED that Defendant Russell and Box's Motions for James Hearing [Dkt. Nos. 218, 219] are DENIED as moot.

Dated this 24th day of April, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

4