IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 25-CR-211-JFH |
| JERRY LEE GRIST,<br>TOMMY BLAKE MCCARY,<br>GLENN RODGER HYDE,<br>DEAN DEWAYNE HENSLEE,<br>RAYMOND ERWIN WELCH, and<br>CLIFFORD EUGENE BERRY, | |
| **Defendants.** | |

## OPINION AND ORDER

Before the Court are the United States of America's ("Government") Notices of Intent to Offer Evidence of a Criminal Conviction for Purposes of Impeachment (combined "Rule 609 Notice"). Dkt. Nos. 147, 195. Only Defendant Tommy Black McCary objected to the Notice. Dkt. No. 151. For the following reasons, Defendant's objections are SUSTAINED IN PART and OVERRULED IN PART. McCary's 2019 conviction for tampering with a witness is ADMISSIBLE. His other conviction, and all of the other remaining Defendants' convictions, are INADMISSIBLE.

## BACKGROUND

The Government charges all of the above-captioned Defendants with drug conspiracy, as well as Jerry Lee Grist and Dean Dewayne Henslee with additional charges of distribution of methamphetamine. Dkt. No. 2. Relevant here, the Government seeks to impeach Grist, McCary, Raymond Welch, and Glenn Hyde with their prior convictions under Federal Rule of Evidence 609. Dkt. Nos. 147, 195. The Court will address each of these prior convictions below.

**AUTHORITY AND ANALYSIS**

Federal Rule of Evidence 609 provides several scenarios where the Government can impeach a defendant-witness's character for truthfulness with his prior criminal convictions.

First, convictions of a crime punishable by death or imprisonment for over one year must be admitted for such purposes if "the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).  The Tenth Circuit has identified five factors to consider whether exclusion of evidence is warranted under this Rule.  *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).  These are: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.*

Second, a prior conviction for any crime, regardless of its punishment, must be admitted "if the court can readily determine that establishing the elements of the crime required proving— or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).  "[C]rimes characterized by an element of deceit or deliberate interference with the truth are per se crimes of dishonesty or false statement." *Burke v. Regalado*, 935 F.3d 960, 1017 (10th Cir. 2019) (quotations and citations omitted).  Importantly, "admission of evidence under Rule 609(a)(2) is not subject to the Rule 403 balancing test." *Id.* at 1018.  So, evidence of conviction of a *crimen falsi* must be admitted for impeachment purposes, regardless of its prejudicial effect.

Finally, if more than 10 years have passed since the defendant-witness's conviction or release from confinement for it, whichever is later, then that conviction is admissible only if: (1) "its probative value, supported by specific facts and circumstances, substantially outweighs its

prejudicial effect;" and (2) "the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

## A. Jerry Lee Grist

The Government first seeks to admit Grist's 2006 felony convictions for two counts of possession with intent to distribute methamphetamine in the Eastern District of Oklahoma. Dkt. No. 147 at 1. Grist was sentenced to 210 months for count one and 240 months for count two, both of which ran concurrently with the other. *Id.* at 2. He commenced his term of supervised release on January 18, 2022. *See United States v. Grist*, No. 05-CR-64 (E.D. Okla.) at Dkt. No. 109. A grand jury then then indicted him in this case on October 15, 2025, for participating in a drug conspiracy and distributing methamphetamine starting from June 2024 to October 2025. Dkt. No. 2. Because this conviction did not contain an element of a false act or statement, the Court must apply the *Smalls* factors to these convictions.

When evaluating the impeachment value of a defendant's prior crimes, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *2 (N. D. Okla. June 4, 2021). Indeed, "[p]rior convictions that require[ ] proof of dishonesty for conviction are more probative of a witnesses' credibility than other crimes." *United States v. Gigena*, No. 24-CR-228-TS, 2025 WL 1071040, at *2 (D. Utah Apr. 9, 2025). However, Grist's previous felony conviction is for possession with intent to distribute methamphetamine. This crime does not require deceit or dishonesty, and multiple courts within the Tenth Circuit agree that such convictions generally have minimal probative value of a defendant's character for truthfulness. *See, e.g., United States v. Thomas*, No. 23-CR-041, 2023 WL 4585919, at *3 (N.D. Okla. July 18, 2023); *United States v. Austin*, 641 F. Supp. 3d 1193, 1205 (D. Utah 2022); *United States v. Phillips*, 487 F. Supp. 3d 1126,

3

1131 (D.N.M. 2020) (all holding that drug possession and trafficking convictions have low probative value for truthfulness). For these reasons, this factor weighs against admission.

The second factor considers the duration of time between a defendant's prior convictions and the current offenses. Importantly, "a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). In contrast, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id.* Grist was released in January 2022, and allegedly began participating in the charged offenses two and a half years later. Because of the short duration between his release and subsequent offenses, this factor favors admission.

The third *Smalls* factor, which compares the similarity of the current charged crime to a defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.* That danger is great here— Grist's previous conviction for possession with intent to distribute methamphetamine is substantially similar to his current charges for conspiring to distribute methamphetamine and distributing methamphetamine. Accordingly, the jury is more likely to infer that Grist committed the crimes charged in this case. So, this factor weighs against admission.

4

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.* As stated above, his prior conviction and his current charges are substantially similar. Because of that similarity, the jury is more likely to infer that Grist committed the crimes charged in this case based on his prior conviction. And because there is a great danger of the jury inferring his criminal propensity, Grist is more likely to abstain from testifying to minimize this prejudice. Accordingly, this factor also weighs against admission.

Finally, when evaluating "the centrality of defendant's credibility at trial," the Court must consider "whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288). Here, the Government will offer several forensic chemists and a special agent with the Drug Enforcement Agency to prove its charges. *See* Dkt. No. 146, 196. The Court also expects the Government to introduce investigation reports, photographs, phone records, and other physical evidence related to Grist. Thus, this case is less likely to be "reduced to a swearing contest between witnesses," and Grist's credibility is less likely to be a deciding factor in his guilt. *Id.* Accordingly, this factor weighs against admission as well.

5

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)).  After reviewing these factors, the potential prejudicial effect of Grist's prior conviction for possession with intent to distribute methamphetamine outweighs its probative value.  Indeed, four of the five *Smalls* factors weigh against admission, and the danger of the jury inferring Grist's criminal propensity, which may dissuade him from testifying in his own defense, is especially strong here.  For these reasons, Grist's 2006 conviction is INADMISSIBLE for impeachment purposes.

**B.  Tommy Blake McCary**

The Government also seeks to admit two of McCary's past felony convictions, which are (1) a 1992 felony conviction for possession with intent to distribute methamphetamine in the Northern District of Texas, and (2) an October 2019 felony conviction in the Eastern District of Oklahoma for tampering with a witness.  Dkt. No. 147 at 2.  McCary opposes the admission of both.  Dkt. No. 151.

The Court will start with McCary's 1992 conviction for possession with intent to distribute methamphetamine.  McCary was ultimately sentenced to 211 months imprisonment for this conviction, with five years of supervised release.  *Id.*  Although he was originally released from incarceration on June 5, 2009, he violated the terms of his supervised release in September 2013 and was sentenced to an additional forty-eight months in custody.  *See* Dkt. No. 147 at 2; *see also United States v. McCary*, No. CR3-91-329 at Dkt. No. 2.  However, this conviction is inadmissible regardless of whether the Court applies Rule 609(a)(1)(b) or Rule 609(b) balancing test.  Indeed, this conviction did not require deceit or dishonesty, so it has minimal probative value of McCary's character for truthfulness.  In contrast, this conviction is substantially similar to the allegations he

6

currently faces, making it more likely that the jury would infer his criminal propensity and find him guilty because he was convicted of similar conduct in the past. Because the potential prejudice of these convictions substantially outweighs any probative value for his honesty, this conviction is INADMISSIBLE for impeachment purposes.

In contrast, McCary's 2019 conviction for tampering with a witness is admissible. There, McCary pled guilty to a violation of 18 U.S.C. § 1512(b)(2)(C), which, among other crimes, prohibits a defendant from (1) corruptly persuading, or attempting to persuade, another person (2) with intent to cause or induce such person (3) to evade legal process summoning that person to appear as a witness in an official proceeding. 18 U.S.C. § 1512(b)(2)(C). In doing so, McCary pled guilty to attempting to or persuading "D.B." to avoid legal process by sending the following communication: "tell Ole Girl to make herself unavailable to be subpeoned to Trial. It is set for March 5 2019 I want this done immediately." *United States v. McCary*, No. 19-CR-005 (E.D. Okla.) at Dkt. No. 43. Ultimately, McCary pled guilty to this charge in March 2019, was sentenced in October 2019 to sixteen months imprisonment and three years of supervised release, violated the terms of his supervised release in October 2022, and was sentenced to another sixteen months imprisonment in August 2023. *Id.* at Dkt. Nos. 77, 101.

The Court will apply the *Smalls* factors to this conviction. *See Smalls*, 752 F.3d at 1240. *First*, although McCary's witness tampering conviction did not necessarily involve deceit, he intentionally interfered or attempted to interfere with a jury's ability to evaluate a witness's testimony. Thus, it has characteristics of a dishonest act, which is probative of his veracity and weighs in favor of admission. *Second*, McCary's conviction occurred in 2019, and since then, he has spent most of his time in custody or incarcerated. This factor therefore weighs in favor of admission. *Third*, his current charge does not involve witness tampering. Because the prior

7

offense is dissimilar to the charged conduct, there is less risk that the jury would use the conviction to infer criminal propensity. This factor weighs in favor of admission. *Fourth*, admission of a prior federal conviction for witness tampering could discourage McCary from testifying, particularly because the offense involves interference with a trial witness. So, this factor weighs against admission. *Fifth*, as stated above, the Court expects the Government to produce chemical reports of substances found amongst the Defendants, investigation reports about Defendants' actions, photographs, phone records, and other physical evidence. Thus, this case is less likely to hinge on "a swearing contest between witnesses." Accordingly, this factor weighs against admission as well.

Finally, the Court must weigh these five factors. True, two of these factors—the importance of McCary's credibility and the danger of discouraging him from testifying—weigh against admission. However, admission of any prior conviction may discourage a defendant from testifying. Indeed, in enacting Rule 609(a)(1)(B), Congress determined that such convictions are still admissible if their probative value outweighs this prejudicial effect. And three other factors— the impeachment value of his past crime, the distinction between his past crime and his current charges, and the short window between his past crime and his current charges—all outweigh the discouragement and credibility factors. This is especially true where the Court can issue an appropriate jury instruction and limit the permissible scope of cross-examination to the essential facts of his conviction, its nature, and its punishment. *See United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009). Therefore, McCary's 2019 conviction is ADMISSIBLE for impeachment purposes.

## C. Raymond Erwin Welch

The Government seeks to admit three of Welch's prior felony convictions. Dkt. No. 147 at 3; Dkt. No. 195. These are (1) a 2000 conviction in the District Court of Dallas, Texas, for possession of a controlled substance; (2) a September 2010 conviction in the District Court of Denton, Texas, for manufacture/delivery of a controlled substance; and (3) a November 2010 conviction in the United States District Court for the Eastern of Texas for conspiracy to distribute and dispense and possess with intent to distribute and dispense methamphetamine in violation of 21 U.S.C. § 846. *Id.* Welch was sentenced to forty months incarceration for his November 2010 conviction and three years of supervised release. *Id.*

However, more than ten years have passed since Welch's convictions and release from confinement for these convictions. Accordingly, they are admissible only if their probative value, supported by specific facts and circumstances, substantially outweighs their prejudicial effect. Fed. R. Evid. 609(b). That is not the case here. Indeed, none of these crimes require deceit or dishonesty, so they have minimal probative value of Welch's character for truthfulness. In contrast, these crimes are substantially similar to the crime he is currently charged with, making it more likely that the jury would infer his criminal propensity and find him guilty because he was convicted of similar conduct in the past. Because the potential prejudice of these convictions outweighs any probative value, they are INADMISSIBLE for impeachment purposes.

## D. Glenn Rodger Hyde

The Government seeks to admit two felony convictions against Hyde. Dkt. No. 147 at 4-5. These are (1) his 2006 conviction in Atoka County, Oklahoma, for possession of a controlled dangerous substance and felonious possession of a firearm while on supervision; and (2) his 2019 Conviction in Atoka County, Oklahoma for unlawful possession of a controlled drug with intent

to distribute. *Id.* Hyde served about two and half years in prison for his 2006 conviction, and he was sentenced to ten years imprisonment for his 2019 conviction, which was later suspended. *Id.*

Again, more than ten years have passed since Hyde's 2006 conviction and release from confinement for that conviction, so this conviction is only admissible under Rule 609(b). This conviction did not require a finding of deceit or dishonest, so it has minimal probative value of his veracity. Furthermore, this drug-related conviction is similar to his current drug-conspiracy charge, making it more likely that the jury would infer criminal propensity and find him guilty because he was convicted of similar conduct in the past. Accordingly, his 2006 conviction is INADMISSIBLE for impeachment purposes.

That just leaves his 2019 conviction, which requires the Court to apply the *Smalls* factors. *Smalls*, 752 F.3d at 1240. *First*, Hyde's 2019 conviction was for unlawful possession of a controlled drug with intent to distribute did not require deceit or dishonesty, so it has low probative value about his veracity. This factor weighs against admission. *Second*, there is a relatively short duration between his 2019 conviction and subsequent charged conduct, so this factor weighs in favor of admission. *Third*, his 2019 conviction is similar to the drug conspiracy charge he currently faces, so this factor weighs against admission. *Fourth*, his prior conviction and his current charge are quite similar. Because of that similarity, the jury is more likely to infer that he committed the crime charged in this case based on his prior conviction. And because there is a great danger of the jury inferring his criminal propensity, he is more likely to abstain from testifying to minimize this prejudice. Accordingly, this factor also weighs against admission. *Fifth*, as stated above, this case is less likely to be "a swearing contest between witnesses," so Hyde's credibility is less likely to be a deciding factor in his guilt. Accordingly, this factor weighs against admission as well.

After reviewing these factors, the potential prejudicial effect of Hyde's prior conviction for possession with intent to distribute outweighs its probative value. Indeed, four of the five *Smalls* factors weigh against admission, and the danger of the jury inferring Hyde's criminal propensity, which may dissuade him from testifying in his own defense, is especially strong here. For these reasons, Hyde's 2019 conviction is also INADMISSIBLE for impeachment purposes.

## CONCLUSION

To summarize, McCary's 2019 conviction for tampering with a witness is ADMISSIBLE. His other conviction, and all of the other remaining Defendants' convictions, are INADMISSIBLE. If the Government chooses to impeach McCary's with his prior conviction, the Government may only impeach him with the essential facts of the conviction, the general nature of the crime, and the punishment. *See Commanche*, 577 F.3d at 1270-71.

IT IS SO ORDERED this 4th day of May, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE